**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN RIGGS, | ) | |
| | ) | Case No. 21-CV-4374 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Harry D. Leinenweber |
| vs. | ) | |
| | ) | |
| CITY OF BURBANK, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTIONS *IN LIMINE*

Defendants, Brian Gamboa and Brian Staatz (collectively "Defendant Officers") and the City of Burbank (the "City"), by their attorneys, Lance E. Neyland and Julie M. Koerner, respectfully move this Honorable Court to grant the following Motions *in limine* and in support thereof, state:

## INTRODUCTION

This matter is set for jury trial on August 21, 2023. The operative complaint in this case was originally filed on August 17, 2021 and alleges excessive force, false arrest, failure to intervene, malicious prosecution, Illinois state law assault, and Illinois state law battery against Officer Gamboa and Officer Staatz; and indemnification and *respondeat superior* pursuant to Illinois state law against the City of Burbank. (Doc. #1). The claims for the jury to determine liability are excessive force, false arrest, and malicious prosecution.

## ARGUMENT

Pursuant to its power to manage trials, courts may exclude evidence *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.*, 867 F. Supp. 686 (N.D. Ill. 1994). A motion *in limine* performs "a gatekeeping function and permits

1

the trial judge to eliminate from further consideration evidentiary submissions that clearly ought

not to be presented to the jury because they clearly would be inadmissible for any purpose."

*Jonasson v. Lutheran Child & family Servs.* 115 F.3d 436, 440 (7th Cir. 1997). Irrelevant

evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence. Fed. R. Evid. 403; *see eg. Soller v. Moore*, 84 F.3d 964,

967 (7th Cir. 1996) ("the exclusion of evidence under Rule 403 of the Federal Rules of Evidence

is an important tool for trial judges to use . . ."). The court has broad discretion in ruling on

evidentiary questions presented before trial on motions *in limine*. *Jenkins v. Chrysler Motors*

*Corp.* 316 F.3d 663, 664 (7th Cir. 2002).

Under these standards, Defendants, through their counsel, move this Honorable Court *in*

*limine*, for an order precluding Plaintiff, his attorneys, and his witnesses from arguing,

introducing evidence, or eliciting testimony on the following matters.

## MOTION *IN LIMINE* NO. 1

### BAR ANY TESTIMONY OR EVIDENCE OF
### THE DEFENDANT OFFICERS' INCOME OR FINANCIAL NET WORTH

Defendants anticipate that Plaintiff intends to present evidence and solicit testimony of

the Defendant Officers' financial standing, income, and/or personal net worth related to his claim

for punitive damages. Plaintiff should be barred from doing so as it would be prejudicial,

confusing, improper and irrelevant under Federal Rules of Evidence 401 and 403.

While courts have split on the issue of the admissibility of a defendant's financial

information for purposes of a punitive damages claim, such evidence is typically admitted in

relation to a corporate defendant, not an individual. *See, e.g., Isbell v. John Crane, Inc.,* 74 F.

2

Supp. 3d 893, 899 (N.D. Ill. 2014) ("[T]his Court joins the healthy number of its colleagues who have held that a corporate defendant's economic position is relevant to punitive damages[.]") (collecting cases). *Conversely See Kemezy v. Peters*, 79 F.3d 33. 36-37 (7th Cir. 1996) (holding that information about an individual defendant's net worth is "particularly intrusive" and is not a requirement to make a claim for punitive damages). Similarly, courts are less inclined to admit this information into evidence when defendants are not claiming an inability to pay. *Id.*

Here, this Court should bar introduction of the Defendant Officers' financial information unless and until such time as the jury has made a liability determination as allowing such information to be admitted into evidence would stand to confuse and prejudice the jury and is entirely irrelevant to the determination of whether or not the Officers engaged in conduct that was "malicious or in reckless disregard of Plaintiff's rights" such that punitive damages may be appropriate. (*See* Seventh Circuit Pattern Civil Jury Instruction, 7.28).

Additionally, the United States Supreme Court has warned that "the presentation of evidence of a defendant's net worth creates the potential that juries to express biases…" *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003). The Northern District has also been cautious to allow such admission without a particularized showing as to why such information is required. For example, in *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, the Court granted a defendant's motion in limine to exclude such information, holding that a plaintiff's "general claim that [financial information] may be relevant to punitive damages" was "too unfocused to justify the use of information that has a substantial potential to distract the jury from the essential issues of the case." 932 F. Supp. 220, 222 (N.D.Ill. 1996).

This Court should rule similarly to a Northern District case closely analogous to the case at hand, *Cefalu v. Village of Glenview*, which involved claims against police officers under

§1983. 12 C 5995, 2013 WL 5878603, at *3 (N.D. Ill. Nov. 1, 2013). In *Cefalu*, the Court

granted the defendant officers' motion in limine barring the plaintiff from disclosing the

individual defendants' private financial information and net worth during trial. *Id.* at *3. In

making this determination, the Court held that while "a defendant's financial information is

relevant to the issue of punitive damages [and is discoverable]…the Court will bar plaintiff from

introducing this information at trial until the jury has made a determination of defendants'

liability." *Id.*

Here, the Defendant Officers have complied with Plaintiff's requests to disclose their

financial information. But in doing so, the Officers designated the information as "Attorney's

eyes only" to prevent the information being disclosed to the public. Further Defendants have

assured Plaintiff that they do not intend to make a claim of poverty or inability to pay during the

trial stage of this matter prior to the verdict. Further, Defendants have assured Plaintiff's counsel

that, in the event punitive damages are awarded, they would consent to introduction of their

financial information at a future proceeding if the amount of the award is at issue. However, the

information is simply not necessary at the trial stage of this case and the Defendants request that,

similarly to the Court in *Cefalu*, this Court should bar introduction of the Defendant Officers'

financial information until the jury has made a determination of liability.

## MOTION *IN LIMINE* NO. 2

### BAR ANY MENTION OF LIABILITY INSURANCE OR ARGUMENT RELATED TO INDEMNIFICATION FOR DAMAGES BY THE CITY OF BURBANK

Plaintiff should be barred from introducing any evidence, eliciting any testimony, or

making any argument or inference during the trial of this cause regarding the fact that

Defendants are covered by the City of Burbank's liability insurance and that Defendants are

entitled to indemnification for compensatory damages by the City for acts determined to have

4

been performed within the course and scope of their duties. Under Illinois law, the City is required to indemnify public employees found civilly liable when the employee was acting within the course and scope of their employment. 745 ILCS 10/9-102. Introduction of such evidence is highly prejudicial to the issue of liability, irrelevant and is precluded under Federal Rule of Evidence 411, which states that "evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. The evidence is also precluded under Rule 402, which states that evidence that is not relevant is not admissible. *See* Fed. R. Evid. 402.

As a general rule, courts prohibit juries from learning that Defendants in § 1983 suits are indemnified "out of fear that it will encourage a jury to inflate its damages award because it knows the government - not the individual defendants – is footing the bill." *Lawson v. Trowbridge,* 153 F.3d 368, 379 (7th Cir. 1998), citing *Larex v. Holcomb*, 16 F.3d 1513, 1519 (9th Cir. 1994) ("it has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages..."). Unless a party's being insured or indemnified is a material issue in the case, the improper, uncured disclosure of such information is reversible error. *Lawson v. Trowbridge*, 153 F.3d at 379. Further, it could encourage jurors to find for Plaintiff, regardless of the facts presented at trial.

Here, the Defendants' being insured or indemnified is not relevant or material in any way. Therefore, this court should preclude Plaintiff from referencing or admitting such evidence.

### MOTION *IN LIMINE* NO. 3

**BAR MENTION OF ANY INTERNAL INVESTIGATION AND/OR DISCIPLINARY ACTION TAKEN OR NOT TAKEN AGAINST DEFENDANT OFFICERS RELATED TO PLAINTIFF'S ARREST**

Defendants move to bar Plaintiff from mentioning or making any reference to an "internal investigation" or similar terms and whether or not such investigation occurred or was or was not adequate according to Plaintiff. The existence, nature and quality of any investigation into the allegations raised by this lawsuit is entirely irrelevant to the claims and is prejudicial in that it could be used to suggest that the Defendant Officers in this case did something wrong during the course of Plaintiff's arrest. Further, it would confuse the jury, as it may suggest that if any investigation took place, it was only done because some sort of misconduct occurred.

Reference to any Internal Affairs investigation or lack thereof would unduly prejudice the Defendant Officers by creating an improper negative inference that they engaged in some form of wrongdoing bearing disciplinary scrutiny by an internal agency. *See Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 818 (N.D. Ill. 2010) (barring evidence that the Office of Professional Standards "OPS" investigated the incident involving Plaintiff); *Delgado v. Mak*, No. 06 C 3757, 2008 WL 4367458, at *2 (N.D. Ill. 2008) (finding that potential prejudice from testimony regarding internal affairs investigation substantially outweighed its probative value and barred this evidence); *Sallenger v. City of Springfield*, No. 03-3093, 2007 WL 2683791, at *1 (C.D. Ill. 2007) (finding that evidence related to internal investigations, or lack thereof, and any outcome, was inadmissible due to the substantial risk of jury confusion or possibility that the jury would base its decision on improper basis).

The Seventh Circuit has not recognized an allegation of "inadequate police investigatory work" as a civil rights claim in the absence of another recognized constitutional right. *Jacobson v. National Railroad Passenger Corp.*, No. 97 C 6012, 1999 WL 1101299, at *10 (N.D. Ill. 1999); *see also David v. Village of Oak Lawn*, 954 F. Supp. 1241, 1245-46 (N.D. Ill. 1996) (holding that plaintiff did not have a constitutional right to have his complaints investigated).

There is no *Monell* claim pending in this matter regarding the City of Burbank's policies or procedures and any such attempt would be prejudicial, confusing, improper and irrelevant, in that a host of competing interests predominate such proceedings. Fed.R.Evid. 401, 403. Furthermore, it would simply be an attempt to introduce improper character evidence. Fed.R.Evid. 404. Decisions on individual officer discipline require wholly separate investigations conducted pursuant to contractual agreements and subject to Union protections and agreements concerning remedial action – and are also conducted under different evidentiary standards than separate investigations into defenses of civil claims.

Attempts to conflate the two would be highly prejudicial to the Defendant Officers and the City, and would distract from the actual questions before the Court about whether the Defendants falsely arrested, used excessive force against, or maliciously prosecuted Plaintiff – which are not dependent on whether there was any particular institutional reaction, discipline, re-training, etc. thereafter. Such evidence should be barred, and Plaintiff, counsel, and witnesses under Plaintiff's control should be instructed not to raise such evidence before the jury in this case.

Therefore, Defendants request an order *in limine* barring mention of any internal investigation and/or disciplinary action taken or not taken against Officer Gamboa and/or Officer Staatz related to Plaintiff's arrest because it is irrelevant, consists of inadmissible hearsay, lacks foundation, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues, and constitutes a subsequent remedial measure. *See* Fed. R. Evid. 401, 402, and 403.

## MOTION *IN LIMINE* NO. 4

### BAR ANY MENTION OF ANY MISCONDUCT OF OTHER NON-DEFENDANT CITY OF BURBANK POLICE OFFICERS

Plaintiff, Plaintiff's attorneys, and any witnesses under the Plaintiff's control should be barred from introducing any evidence or making any reference to alleged misconduct of other non-defendant City of Burbank police officers.

Several City of Burbank police officers arrived at the scene of this incident and/or interacted with Plaintiff at the scene and while he was being processed at the Burbank Police Department. To the extent Plaintiff seeks to introduce any evidence or testimony regarding alleged misconduct of those officers, he should be barred from doing so. This case concerns the alleged violations of the Plaintiff's civil rights by the Defendants Gamboa and Staatz. The alleged misconduct of other police officers is not relevant to this case and should be barred under Fed. R. Evid. 402.

Furthermore, under Fed. R. Evid. 402, it is irrelevant whether unrelated parties committed misconduct and whether they were disciplined. If this Court allows such testimony, this case will evolve into a question about whether the officers' actions in unrelated cases were justified.

Even if this Court were to consider the evidence relevant, the probative value is outweighed by the unfair prejudice to the Defendants. Fed. R. Evid. 403. Such evidence would likely confuse and mislead the jury. Furthermore, the evidence would unduly delay the trial and waste the Court's valuable time. Therefore, Defendants seeks to bar the introduction of any testimony or other evidence concerning alleged misconduct by any other City police officer.

## MOTION *IN LIMINE* NO. 5

### BAR INTRODUCTION OF ANY EVIDENCE OF
### FAILURE TRAIN, DISCIPLINE, OR CONTROL POLICE OFFICERS

Defendants seek to bar Plaintiff from eliciting testimony or arguing that the City of Burbank improperly trains, disciplines, monitors or controls police officers. Such information is irrelevant to the issues in this case, is highly prejudicial, and is likely to confuse the jury. *Fed. R. Evid.* 401 and 403. In Illinois, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109.

Thus, to the full extent individual defendants are not liable to Plaintiff in the instant case, neither can the City be liable to Plaintiff. *See Guidry v. Boyd*, No. 06 C 1600, 2007 WL 2317174, at *15 (N.D. Ill. July 17, 2007). To impose liability under §1983, a plaintiff must comply with the framework established by the Supreme Court in *Monell v. New York City Dept. of Social Services*, in which the purported constitutional injury must be proximately caused by the execution of an official government policy or custom. 436 U.S. 658, 694 (1978). Here, Plaintiff has not brought a *Monell* claim. Therefore, there is no relevant purpose for which testimony or argument that the City improperly trains, disciplines, monitors or controls police officers could be offered at trial.

## MOTION *IN LIMINE* NO. 6

### BAR NON-PARTY WITNESSES FROM THE COURTROOM

Defendants move to exclude all witnesses (other than the parties) from the courtroom during opening statements and testimony of any and all other witnesses, pursuant to Fed. R. Evid. 615. Such witnesses shall include all those people Plaintiff intends, expects, or considers calling as a witness at trial and should continue after first giving testimony in the event a witness is recalled in rebuttal.

## MOTION *IN LIMINE* NO. 7

### BAR ATTORNEYS FROM SPEAKING WITH ANY WITNESS ABOUT HIS OR HER TRIAL TESTIMONY WHILE STILL UNDER OATH TO PROVIDE SWORN TESTIMONY

Defendants request that this Court enter an order *in limine* that once a witness is called to testify, no attorney shall confer with that witness about his or her trial testimony, until the termination of the testimony.

## MOTION *IN LIMINE* NO. 8

### BAR ANY TESTIMONY OR ARGUMENT REGARDING SETTLEMENT

Defendants move to bar Plaintiff, Plaintiff's attorney, or any witness in Plaintiff's control from making any reference to settlement negotiations between the parties.

Under Federal Rule of Evidence 408, "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount, is not admissible to prove liability for, or invalidity of, the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible." As its Advisory Committee Note clearly states, the rationale for Rule 408 is twofold: (1) such evidence is irrelevant because the offer may be motivated by *a desire for peace rather than from any concession of weakness* of position; and (2) *public policy* favors settlement of disputes. Such negotiations, discussions and agreements or attempts to settle do not constitute admissions of guilt and are irrelevant to the issues at trial. *Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682 (7th Cir. 2005).

Therefore, any and all settlement negotiations and/or settlement offers are inadmissible to prove liability and such testimony or evidence should be barred from trial.

## MOTION *IN LIMINE* NO. 9

### BAR INTRODUCTION OF ANY EVIDENCE OF LOST WAGES OR INCOME

Plaintiff should be barred from claiming lost income as an element of compensatory damages or presenting any evidence or argument of loss of income at trial. Plaintiff has not disclosed any evidence of lost wages, such as documents and tax records. Further, in his Initial Disclosures, Plaintiff listed the category of damages claimed and listed Criminal Attorney fees, Physical Injuries, Emotional and Psychological Injuries, and Medical costs. He made no mention of lost wages or income. (*See* Plaintiff's Initial Disclosures, attached as *Exhibit A*). Plaintiff also listed his claimed injuries in response to the Defendants' Interrogatory #10 and stated "Physical injuries…Emotional injuries include extreme anxiety and fear of police, violation of body and humiliation…legal fees[.]" He made no mention of lost wages or income. (*See* Plaintiff's response to Interrogatories, #10, attached as *Exhibit B*). Moreover, Plaintiff made no mention of lost wages or income in his deposition. (*See, e.g.,* Deposition of Steven Riggs, p. 49-52, attached as *Exhibit C*).

Where a plaintiff forecloses certain damages in deposition testimony and discovery responses, the court should bar the availability of those damages at trial. *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 656 n.3 (7th Cir. 2001) (noting that the district court granted the defendant's motion in limine to bar evidence of emotional damages where the plaintiff testified at her deposition that she was seeking only lost pay). In this case, Plaintiff has foreclosed any claim for lost wages. Even if this incident caused Plaintiff to lose income, because Plaintiff has not disclosed evidence of his wage loss, nor quantified his wage loss to Defendants though written or

oral discovery, Defendants would be prejudiced if Plaintiff were permitted to make such a late disclosure of this information, introduce such evidence or make such a claim at trial.

Therefore, Plaintiff should be barred from claiming lost income as an element of compensatory damages or presenting any evidence or argument of loss of income at trial.

## MOTION *IN LIMINE* NO. 10

### BAR PLAINTIFF FROM ARGUMENT THAT JURY SHOULD IMPOSE ANY REMEDY OR PUNISHMENT OTHER THAN MONEY DAMAGES ON DEFENDANTS

Plaintiff brought suit pursuant to § 1983 for alleged Fourth Amendment violations and alleged violations of Illinois State law (*Dkt. #1*). Plaintiff should be limited in his references and argument to the jury that the only remedies available to him are liability and monetary damages. Plaintiff should be barred from making any reference to or argument that any other remedy or punishment should be imposed, such as argument that any individual officer should be disciplined, terminated, sent a message, or held accountable in any other way other than by being held civilly liable. Plaintiff sought no other remedies and remedies such as those mentioned above (or any others) are simply not available to him under Section 1983 or Illinois State Law. Plaintiff should not be permitted to raise any other remedy or argument other than that which advocates defendants should be held civilly liable for violations of Plaintiff's Federal Constitutional rights or his rights under Illinois State law.

This is a civil suit concerning alleged constitutional wrongs and violations of Illinois state law. As explained above, the issues before the jury do not concern the adequacy or violation of City policies, disciplinary regulations, or any other matters, but only the violation of Plaintiff's rights. Any attempt to reference these "punishments" or suggestion that individual defendants should be held accountable in any other way is irrelevant to the questions the jury must answer and prejudicial because it is meant solely to inflame and ignite the passions of the jury. Fed. R.

Evid. 401, 402. Even if such references and argument were relevant, the probative value is substantially outweighed by the danger of unfair prejudice, it would confuse the issues, mislead the jury, and be a waste of time. Fed. R. Evid. 403.

## MOTION *IN LIMINE* NO. 11

### BAR PLAINTIFF INTRODUCING EVIDENCE OR TESTIMONY OF ANY VIOLATION OF CITY OF BURBANK INTERNAL GENERAL ORDERS, DIRECTIVES, POLICIES OR PROCEDURES

Plaintiff should be barred from introducing exhibits, testimony, and/or evidence of the City's policies, procedures, and/or training for purposes of showing the Defendants or other officers may have violated them. Such evidence, testimony, and argument should be barred pursuant to Rules 401, 402 and 403 because it is irrelevant to the issues in this case and any minimal probative value is outweighed by the prejudicial effect of their admission at trial.

In *Thompson v. City of Chicago*, the Seventh Circuit upheld a trial court's exclusion of the police department's general orders stating that "the violation of police regulations…is completely immaterial as to the question of whether a violation of the federal constitution has been established." 472 F.3d 444, 454 (7th Cir. 2006). In particular, general orders or policies may give a police administration a framework whereby commanders may evaluate officer conduct and job performance, it sheds no light on what may or may not be considered "objectively reasonable" under the fourth amendment given the infinite set of circumstances which officers might encounter. *Id.* at 454. Whether the officer used excessive force involves an evaluation of the "reasonableness" standard of the officer's conduct under a particular set of facts. *Id.* at 455. *See also Steen v. Myers*, 486 F.3d 1017, 1023 (Ind. 2007) (the appellate court affirmed summary judgment on behalf of the defendant because regardless of the officer's disobedience of the police department directives, his actions did not implicate the Constitution) *citing County of*

*Sacramento v. Lewis*, 523 U.S. 833 at 838-839, 118 S. Ct. 1708 (1998) (noting that a failure to comply with departmental policy does not implicate the Constitutional protections of the Fourteenth Amendment).

Similarly, the issue in this case is whether the conduct of the individual defendants was so egregious as to invoke the constitutional protections, not whether City of Burbank Police Department policies were disobeyed. Nonetheless, assuming *arguendo*, that one or more of the sections of the City of Burbank Police Department's General Orders were violated, the General Orders issued by the Department are internal employment regulations and do not necessarily give rise to a civil rights violation. "Violation of self-imposed rules or internal guidelines, such as police department general orders…does not normally impose a legal duty." *Wade v. City of Chicago,* 364 Ill.App.3d 773, 781, 847 N.E.2d 631, 639 (Ill. App. 1st Dist. 2006) (a chase in an unmarked vehicle without notifying dispatch was against guidelines but not willful and wanton conduct). "Where the law does not impose a duty, one will not generally be created by a defendant's rules or internal guidelines. Rather, it is the law which, in the end, must say what is legally required." *Blankenship v. Peoria Park District*, 269 Ill.App.3d 416, 422, 647 N.E.2d 287, 291 (Ill. App. 3rd Dist. 1994). It is the Constitution that determines what the law mandates in the case at hand, not the City of Burbank Police Department General Orders. Presenting a jury with a violation of a general order would be confusing as the jury would have difficulty distinguishing the alleged rules violation from the alleged violation of constitutional rights. The Plaintiff has alleged no claim for the alleged rules violation and there is a great risk that the jury would assume a rules violation equates to or implies a constitutional violation.

Finally, allowing Plaintiff to present evidence or suggest to the jury that Defendants may have breached an obligation to the City through an "alleged" rules violation would be prejudicial

to Defendants. Under Federal Rule of Evidence 403 a court must weigh evidence and determine its probative value versus its prejudicial effect before determining whether such evidence is admissible. Fed. R. Evid. 403. Any arguable probative value of the violation of Department policy sought to be admitted is substantially outweighed by the unfair prejudice it would cause the Defendants. To allow Plaintiff to introduce such evidence would only serve to confuse and inflame the jury and shift the focus from the real issues at hand—whether Plaintiff was falsely arrested or used excessive force during the course of his arrest.

Illinois law clearly holds that a violation of such general orders is not evidence of willful and wanton conduct. *Morton*, 286 Ill.App.3d at 454, 676 N.E.2d at 992. The Department policies and orders are not indicative of any legal duty or evidence of willful or wanton conduct. Any probative value with respect to issues on this case is greatly outweighed by the prejudice to the Defendants. Therefore, any reference to City of Burbank Department policies, orders, or procedures should be barred from evidence.

## MOTION *IN LIMINE* NO. 12

### BAR ANY MENTION, EVIDENCE OR ARGUMENT DURING JURY SELECTION OR AT TRIAL SEEKING TO CONDITION THE JURY TO AWARD A SPECIFIC AMOUNT OF MONEY DAMAGES

Plaintiff's counsel should not be permitted to inquire of the venire whether they think that any amount of money is 'too little' or 'too much' for a certain type of case. These questions are designed not to determine whether jurors will be fair and impartial, but rather designed to probe the potential damages award that Plaintiff can expect from jurors in a particular case. This is not a proper line of inquiry during *voir dire* or at any other point, and should be precluded. *Spray-Rite Service Corp v. Monsanto*, 684 F.2d 1226 (7th Cir. 1982) (a "Golden Rule" appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper

because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias, rather than on evidence.").

Wherefore, Defendants pray for an order *in limine* barring Plaintiff from attempting to condition or otherwise probe the jury's psyche on monetary damages.

## MOTION *IN LIMINE* NO. 13

### BAR PLAINTIFF, HIS WITNESSES, AND COUNSEL FROM INTRODUCTION OF EVIDENCE OR ARGUMENT THAT PLAINTIFF HAS WAITED A LONG TIME FOR HIS DAY IN COURT

Defendants request that this Court bar Plaintiff, his witnesses, and counsel from arguing or presenting evidence that Plaintiff has waited a long time for his day in court. Such evidence may cause prejudice toward the Defendants in suggesting that either they or their counsel somehow delayed Plaintiff from seeking relief through the courts, especially given the fact that plaintiff waited until the near the end of the statutory period to file suit and delays caused by COVID-19. Such evidence is irrelevant to the issues in this case and highly prejudicial to the Defendants. *Fed. R. Evid.* 401, 402, and 403.

## MOTION *IN LIMINE* NO. 14

### BAR PLAINTIFF FROM ARGUING THAT DEFENDANTS FAILED TO CALL ANY WITNESSES AT TRIAL

In a civil case, Plaintiff bears the burden of proving his case by a preponderance of the evidence. Defendants, therefore, have no obligation to put on a defense or call witnesses to support a verdict in their favor. Furthermore, Defendants are under no duty to call any witnesses at trial, and any argument to the contrary by Plaintiff would improperly shift the burden of proof to the Defendants. However, Federal Rules Evidence 401-404 do not prohibit Defendants from referencing and commenting on Plaintiff's failure to call any witness, as Plaintiff bears the burden of proof in this case. These rules dictate what constitutes relevant evidence and protect

against the introduction of evidence that lacks sufficient probative value or would unfairly prejudice one party. Plaintiff's failure to prove his burden is relevant and highly probative to the facts at issue in the case and does not unfairly prejudice him. For this reason, Defendants seek to move this Court to bar any attempt by Plaintiff to argue Defendants' failure to call any witnesses during trial.

<u>**MOTION IN LIMINE NO. 15**</u>

**BAR PLAINTIFF FROM ARGUMENT OR ELICITING TESTIMONY REGARDING OTHER LAWSUITS AGAINST THE CITY OF BURBANK OR THE DEFENDANT OFFICERS**

Plaintiff should be barred from eliciting any testimony or making any reference to or argument regarding other lawsuits filed against the City or the Officer Defendants, any of their predecessors, or any other City officers or personnel. Any such testimony or argument would be irrelevant to the issue in the case at bar, and would serve to confuse, mislead, or overwhelm the jury, and should be barred under Rule 402. Under Rule 402, evidence that is not relevant is not admissible. *See* Fed. R. Evid 402.

Further, such testimony would be wholly improper and may serve to only prejudice the jury against Defendants, and should be excluded under Rule 403. Under Rule 403, this Court has discretion to exclude even relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice…or misleading the jury…" Fed. R. Evid. 403.

Such evidence and argument is also contrary to Fed.R.Evid. 404(b), which provides that evidence of a "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Federal courts have routinely held that evidence that a defendant officer has been named in other lawsuits or complaints, even those alleging similar claims of excessive force, is irrelevant.

17

*Shaffer v. Brinegar*, 23 Fed.Appx. 580, 584 (7ᵗʰ Cir. 2001) (plaintiff sought to admit evidence of the defendant officer's use of excessive force in a prior incident.).

While neither Officer Gamboa nor Officer Staatz have been named as defendants in any other lawsuit, Plaintiff may attempt to introduce evidence regarding one or more prior or pending cases involving the City of Burbank or other City of Burbank Police officers. The sole relevance of this evidence is to argue the propensity to conform to alleged prior character traits. Evidence of other lawsuits against the City or its officers cannot be used to prove character. *Rambus v. Jenkins*, No. 92C7284, 1993 WL 210546, *1 (N.D.Ill. 1993). Evidence of other lawsuits arising out of different facts is properly excluded under Federal Rule of Evidence 403. *Vukadinovich v. Zentz*, 995 F.2d 750, 755-56 (7th Cir. 1993).

Any previous or current litigation does not involve the same allegations as this case. Allowing evidence concerning the nature or extent of the allegations made in those cases, or the disposition of those cases, would be inflammatory, irrelevant, and prejudicial and would be improper under Rules 402, 403, 404, 408 and, furthermore, may constitute hearsay in violation of Rule 802. Moreover, admission of such evidence will result in a series of mini-trials that will confuse the jury, and result in undue delay and a waste of time.

Therefore, this Court should bar evidence and any reference to any prior or current litigation against the City of Burbank or any of its prior or current officers.

### MOTION *IN LIMINE* NO. 16

### BAR ARGUMENT OR TESTIMONY COMMENTING ON, OR INFERRING, A "CODE OF SILENCE" AMONG LAW ENFORCEMENT

Plaintiff should not be allowed to argue, allude to, or infer that Defendants and/or any other law enforcement official who may testify in this case, as sworn law enforcement individuals, are all biased and generally cover up for each other because of their allegiance to

fellow law enforcement officials, most commonly referred to as a "code of silence" or a "blue wall." This Court should exclude such evidence pursuant to Rule 403 because Plaintiff has not alleged a *Monell* claim, it is not relevant to the jury's determination of the credibility of the officers' testimony and would be extremely prejudicial to the Defendants.

It is anticipated that Plaintiff may attempt to introduce at trial generalized testimony, evidence, or argument of an alleged "code of silence" or that there exists a "blue wall" maintained by the City and/or law enforcement officers in general to protect fellow officers accused of wrongdoing, and that officers are generally expected to lie, conspire or cover up for one another. The prejudicial effect of allowing this type of evidence or argument substantially outweighs any minimal or non-existent probative value and violates Fed.R.Evid. 403. *Lopez v. City of Chicago*, No. 01 C 1823, 2005 WL 563212, at *10 (N.D. Ill. Mar. 8, 2005) (Deryeghiayan, J.) (barring reference to a "code of silence" and evidence that police officers generally protect each other); *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1029 (N.D. Ill. 2011) (Gottschall, J.) (same).

Additionally, evidence and argument regarding the alleged "code of silence" is irrelevant to the issue of whether unreasonable force was used or whether false arrest or malicious prosecution occurred. Further, there has been no allegation or evidence that such a code of silence exists within the City or among the officers involved and expected to testify as witnesses in this case. Evidence or argument of this nature would be pure speculation and conjecture. Evidence and argument that City of Burbank police officers, generally, adhere to a "code of silence" is also overly broad and not related to the triable issues in this case. Also, the term "code of silence" infers to the jury that Defendants are engaged in a much broader cover-up than is relevant to the scope of this lawsuit. Such inference is unduly prejudicial to the Defendants.

Further, such generalized evidence has no specific relationship to any individual defendant or police personnel testifying in this case, as it is not relevant to the jury's determination of their credibility. See *Heflin v. City of Chicago*, No. 95 C 1990, 1996 WL 28238, at *4 (N.D.Ill. January 22, 1996) (granting unopposed motion to exclude evidence that police officers generally protect or cover-up other officers' misconduct); *Shaw v. City of New York*, No. 95 Civ. 9325, 1997 WL 187352, at *7-8 (S.D.N.Y. Apr. 15, 1997) (excluding evidence of blue "code of silence" by which New York City Police officers protect fellow officers and lie if necessary to do so). A trial court may properly exclude the introduction of this type of prejudicial evidence.

Accordingly, pursuant to Rules 401, 402 and 403, Plaintiff should be barred from presenting at trial any testimony, evidence or argument that officers in general lie, conspire, cover-up, or otherwise maintain a "code of silence" or "blue wall" to protect their fellow officers. Fed. R. Evid. 401, 402 & 403.

## MOTION *IN LIMINE* NO. 17

### BAR PLAINTIFF FROM ANY ARGUMENT MENTIONING OTHER PUBLICIZED EVENTS OF ALLEGED POLICE MISCONDUCT

In recent months and years, incidents of alleged misconduct by members of police departments in the nation and in Illinois have received and often dominated social media and local media coverage in newspapers and television. Some incidents have even received nation-wide and international coverage. Videos of police officers using excessive force and shooting citizens have run repeatedly on television, internet websites, and social media outlets. Therefore, Defendants move to prohibit any mention, discussion, reference, argument, or testimony about other, non-related events of highly publicized incidents of alleged police misconduct such as George Floyd, Breonna Taylor, Adam Toledo, Jacob Blake, Michael Brown, Laquan McDonald and others.

Comments and implied references regarding police misconduct in other unrelated cases have absolutely no probative value and are totally irrelevant to the issues presented in this case. On the other hand, references to other incidents or allegations of police misconduct are likely to inflame the passions and prejudices of the jury against police officers in general and the Defendants in particular. The Defendants in this case have nothing to do with any of these publicized incidents, nor do they condone any alleged misconduct. They should not be forced to defend the conduct of others at trial in this Court.

For these reasons, Plaintiff should be precluded from making reference to any unrelated incidents or allegations of misconduct either here or in other jurisdictions. Fed. R. Evid. 401, 402, and 403; *see also Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004) (granting similar motion).

## MOTION *IN LIMINE* NO. 18

### BAR PLAINTIFF FROM INTRODUCTION OF EVIDENCE REGARDING WHETHER THE OFFICERS ACTIVATED BODY CAMERAS

Defendants anticipate that Plaintiff may seek to introduce evidence or elicit testimony regarding Officer Gamboa and Officer Staatz not having body cameras activated during the incident. To the extent that Plaintiff makes any attempt to elicit such testimony, this court should bar any such argument or testimony as irrelevant and unduly prejudicial to Defendants. Fed.R.Evid. 403.

Plaintiff has never claimed that bodycam video capturing the events alleged in his complaint ever actually existed and were destroyed. The City of Burbank did not have body cameras at the time of this incident. Plaintiff should not be permitted to ask about bodycams that did not exist, any more than he should be permitted to ask about why, for example, drone or

helicopter footage of the incident was not produced.  Further, to the extent it constitutes a discovery dispute, Plaintiff should be prohibited from raising it at trial.

Any attempt by Plaintiff to imply the existence of video under the control of any the officers or allude to the non-existence of videos or claim that their non-existence constitutes spoliation of evidence would be improper and unduly prejudicial under Federal Rule of Evidence 403 and 602.

Spoliation of evidence occurs where a party "destroys evidence relevant to an issue in the case." *Smith v. United States,* 293 F.3d 984, 988 (7th Cir.2002). In order to impose sanctions for the destruction of evidence, a party must first show that the destruction occurred in bad faith. *More v. City of Braidwood*, 08 C 5203, 2010 WL 3547964, at *7 (N.D. Ill. Sept. 7, 2010) citing *Trask–Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008) (citation omitted). "'[B]ad faith' means destruction for the purpose of hiding adverse information." *Mathis v. John Morden Buick, Inc.,* 136 F.3d 1153, 1155 (7th Cir.1998). Without a showing that a party destroyed evidence in bad faith, an inference that the evidence, if produced, would have been adverse to the Defendants is not warranted. *Parks v. City of Chicago,* 297 F.3d 606, 615 (7th Cir. 1999).

Because Plaintiff does not claim and cannot show that bodycam video evidence existed in the first place, he cannot demonstrate a spoliation claim and should not be permitted to elicit any testimony that would allude to it. This is especially so where any inference or testimony that the videos ever existed is wholly speculative and lacking foundation. Fed. R. Evid. 403, 602; *see also Awalt v. Marketti*, No. 11 C 6142, 2015 WL 4338048, at *16 (N.D. Ill. July 15, 2015) ("As with all testimony, if no foundation can be laid for it such that the witness can only testify to a fact based on speculation, that testimony will be barred.").

22

Additionally, to the extent Plaintiff admits that no such bodycam video from the Defendants ever existed, he should still be barred from eliciting any testimony or evidence regarding this fact. The Officers were not equipped with bodycams. Any mention of the lack of bodycam video would only be used in an attempt to prejudice the jury and infer that the videos do not exist because they would be adverse to the Defendants, which is prohibited. *See Parks v. City of Chicago,* 297 F.3d at 615. Accordingly, Plaintiff should be barred from making mention of the nonexistent bodycam videos at trial.

## CONCLUSION

WHEREFORE, Defendants respectfully request that Plaintiff and his attorneys and witnesses be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any physical evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matters stated above, and that each counsel be instructed to warn and caution each and every witness under their control appearing or appearing on their behalf in their litigation to strictly comply with the rulings of this Court.

Respectfully submitted,

**BRIAN GAMBOA, BRIAN STAATZ,
CITY OF BURBANK**

By: */s/ Lance E. Neyland*
Lance E. Neyland, #6331171
IFMK Law, Ltd.
650 Dundee Road – Fourth Floor
Northbrook, IL 60062
T: (847) 291-0200
E: lneyland@ifmklaw.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN RIGGS, | ) | |
| | ) | Case No. 21-CV-4374 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Harry D. Leinenweber |
| vs. | ) | |
| | ) | |
| CITY OF BURBANK, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed ***DEFENDANTS' MOTIONS IN LIMINE*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Ramon A. Moore
ramonmoore@ramonmoorelaw.com

By:*/s/ Lance E. Neyland*
Lance E. Neyland
IFMK Law, Ltd.
650 Dundee Road – Fourth Floor
Northbrook, IL 60062
T: (847) 291-0200
E: lneyland@ifmklaw.com